Helene M. Freeman (NY 1088004)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, New York 10177
Telephone: (212) 415-9200
Facsimile: (212) 953-7201

Attorneys for Plaintiff Charles Wilson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| CHARLES WILSON,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CAPITOL RECORDS, INC. and EMI MUSIC, INC. d/b/a CAPITOL MUSIC GROUP, BERLIN CAMERON UNITED, HEINEKEN USA, INC.<br><br>　　　　　　　Defendants. | 07 CV 5449 (DC)<br><br>AMENDED COMPLAINT<br>JURY TRIAL DEMANDED |

------------------------------------------------------------X

　　　　Plaintiff CHARLES WILSON, by his attorneys Dorsey & Whitney L.L.P., alleges:

　　　　1.　　This is an action to secure an accounting of the profits obtained by Capitol Records, Inc. and EMI Music, Inc. d/b/a Capitol Music Group (collectively the "Capitol Music Group Defendants") from exploiting recordings featuring Charles Wilson's performance of the songs entitled, "Beautiful" and "You've Got What I Want" and to recover Wilson's pro rata share of the profits realized and to recover damages on account of the violation of New York Civil Rights Law §§ 50, 51 and comparable laws

throughout the United States. Alternatively, plaintiff institutes this action for infringement of the copyright in the recording of his vocal performance of "Beautiful" on account of its use in an advertising campaign for Heineken Premium Light Beer created by Berlin Cameron United without authorization from plaintiff.

## PARTIES

2.     Plaintiff CHARLES WILSON is an individual citizen and resident of Los Angeles, County, California.

3.     Defendant CAPITOL RECORDS, INC. is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal executive office at 150 Fifth Avenue, New York, New York. Upon information and belief, Capitol Records, Inc. distributes and exploits recorded music on the Capitol and Priority record labels.

4.     Defendant EMI MUSIC, INC. is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware with its principal executive office at 150 Fifth Avenue, New York, New York. Upon information and belief, EMI Music, Inc. distributes and exploits recorded music on the Capitol and Priority record labels and owns or controls Capitol Records, Inc. Upon information and belief, EMI Music, Inc. and Capitol Records, Inc., together with other North American subsidiaries of EMI Group, Plc., do business under the name Capitol Music Group.

5.     Defendant BERLIN CAMERON UNITED is an advertising agency, of unknown organizational structure, with its place of business at 100 Avenue of the Americas, New York, New York.

2

6.  Defendant HEINEKEN USA, INC. is a corporation organized and existing under the laws of the laws of the State of New York, with its principal place of business at 360 Hamilton Avenue, White Plains, New York.

## JURISDICTION AND VENUE

7.  The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

8.  Venue is proper in the this district based upon the residences of the defendants pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS

9.  Plaintiff, professionally known as Charlie Wilson, is a well-known and critically acclaimed professional singer and recording artist. For approximately 30 years, he has been the lead singer of The Gap Band, releasing nine albums, four of which have sold in excess of one million copies and generating 15 top ten R&B hits.

10. In addition to his work as a lead singer for The Gap Band, plaintiff performs as a solo recording artist. His last solo album, entitled "Charles, Last Name Wilson," released in 2005 on the Jive Record label, reached the top ten on the Billboard 200 charts.

11. Plaintiff is highly sought after as a vocalist by other recording artists and has collaborated with artists as diverse as Quincy Jones, the Eurythmics, R. Kelly, Kanye West, Justin Timberlake and Snoop Dogg.

12.     Plaintiff collaborated with Calvin Broadus, professionally known as Snoop Dogg, Pharrell Williams and Chad Hugo to create a sound recording entitled, "Beautiful". The recording features plaintiff's vocal performance with Pharrell Williams and a rap by Snoop Dogg.

13.     Plaintiff collaborated with the artists professionally known as Snoop Dogg and Jelly Roll to create the sound recording entitled, "You've Got What I Want," to which additional raps by Ludacris and Goldie Loc were added. The released recording features plaintiff's vocal performance with raps by Snoop Dogg, Ludacris (born Christopher Bridges) and Goldie Loc (born Keiwan Deshawn Spillman).

14.     Plaintiff retained all rights in the recordings of "Beautiful" and You've Got What I Want" (hereinafter collectively the "Recordings") attributable to his participation in their creation and has not conveyed his share of the ownership of the works resulting from his vocal performance to anyone.

15.     Upon information and belief, the Capitol Music Group Defendants are the owners of or exploit the share of the Recordings attributable to the participation of artists other than Wilson in their creation.

16.     Upon information and belief, the Capitol Music Group Defendants have exploited, distributed and licensed the Recordings, receiving hundreds of thousands of dollars in profits from their use.

17.     Among other things, upon information and belief, the Capitol Music Group Defendants licensed the portion of the recording of "Beautiful" containing only the vocal performances of plaintiff and Williams to Heineken USA, Inc. for use in a commercial

4

for Heineken Premium Light Beer which has appeared on television throughout the United States and is featured on the website www.Heinekenlight.com.

### FIRST CLAIM AGAINST CAPITAL RECORDS, INC. AND EMI MUSIC, INC.

18. Plaintiff is a co-owner of the copyright in the Recordings.

19. As a co-owner of the Recordings, plaintiff is entitled to his pro rata share of the profits realized by the Capitol Music Group Defendants as a result of the exploitation of the works.

20. Plaintiff has demanded that the Capitol Music Group Defendants account to plaintiff for the profits obtained from exploitation of the Recordings and pay to plaintiff his pro rata share of the sums received.

21. The Capitol Music Group Defendants have failed and continue to fail and refuse to render an accounting to plaintiff of the profits derived from the exploitation of the Recordings or to pay plaintiff his pro rata share of the profits.

22. The amount due from the Capitol Music Group Defendants to plaintiff is presently unknown to plaintiff and cannot be ascertained without an accounting of the money received these by these defendants on account of exploitation of the Recordings and the expenses incurred.

### SECOND CLAIM AGAINST ALL DEFENDANTS

23. Plaintiff repeats and realleges the allegations in paragraphs 1 through 17 of the Complaint with the same force and effect as if separately set forth herein.

24. Plaintiff is the author of his vocal performance and owns the copyright in the sound recording in which his vocal performance of "Beautiful" is fixed.

25. Plaintiff registered his claim to copyright in the "Beautiful" sound recording, receiving copyright registration certificate SR 402-267.

26. Defendants Berlin Cameron United and Heineken USA, Inc. have used the sound recording of plaintiff's vocal performance of "Beautiful" without plaintiff's consent in a commercial for Heineken Premium Light beer, which has been performed throughout the United States on television and on the internet website www.heinekenlight.com.

27. The use by Berlin Cameron United and Heineken USA, Inc. of plaintiff's recorded vocal performance without plaintiff's consent infringes plaintiff's copyright in his recorded performance.

28. If the Capitol Music Group Defendants deny that plaintiff is a co-owner of the recording of "Beautiful," then each of the defendants is liable to plaintiff for copyright infringement, either directly, contributorily or vicariously.

### THIRD CLAIM AGAINST BERLIN CAMERON UNITED AND HEINEKEN USA, INC.

29. Plaintiff repeats and alleges each and every allegation contained in paragraphs 1 through 17 and 26 with the same force and effect as if separately set forth herein.

30. Berlin Cameron United and Heineken USA, Inc. have used plaintiff's voice for purposes of trade without the written consent of plaintiff.

31. There is no written contract between plaintiff and any of the defendants authorizing the licensing of plaintiff's vocal performance.

32. The use by Berlin Cameron United and Heineken USA, Inc. of plaintiff's vocal performance in commercial advertisements for Heineken Premium Light Beer without his written consent violates New York Civil Rights Law §§ 50, 51 and plaintiff's rights of privacy and publicity protected by the laws of states throughout the United States.

33. Plaintiff has sustained damages as a result of the use of his vocal performance in commercial advertising without his written consent in an amount in excess of $500,000.

WHEREFORE, plaintiff demands judgment against defendants as follows:

A. Against Capitol Records, Inc. and EMI Music, Inc. on the First Claim:

(1) For an accounting of the profits obtained by virtue of the exploitation of the "Beautiful" and "You've Got What I Want" recordings;

(2) Judgment in the amount of plaintiff's pro rata share of the profits from the exploitation of the "Beautiful" and "You've Got What I Want" recordings;

(3) Interest to the date of judgment on the sum due and payable to plaintiff;

B. Against all defendants on the Second Claim:

(1) The damages sustained by plaintiff;

(2) The profits realized by each defendant on account of the infringement of plaintiff's copyright in his recorded vocal performance of "Beautiful";

7

  C. Against Berlin Cameron United and Heineken USA, Inc. on the Third Claim:

    (1) Damages in an amount to be proved at trial but not less than $500,000;

    (2) An injunction prohibiting the continued use of plaintiff's vocal performance in commercial advertising without plaintiff's consent;

  (D) Such other or further relief as to the Court seems just and proper.

Dated: New York, New York  Yours, etc.
     June 20, 2007

             DORSEY & WHITNEY LLP
             Attorneys for Plaintiff

             By: *[signature]*
              Helene M. Freeman
             250 Park Avenue
             New York, NY 10177
             (212) 415-9200

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                                    ss.:
COUNTY OF NEW YORK  )

    GARY GONZALEZ, being duly sworn deposes and says that: deponent is not a party to this action, is over 18 years of age and is employed by Dorsey & Whitney LLP, 250 Park Avenue, New York, New York 10177.

    On June 20, 2007 at 3:45 p.m. I served by hand a copy of the AMENDED COMPLAINT upon defendants at:

> EMI Music, Inc.
> 150 Fifth Avenue
> New York, NY 10011
>
> Capitol Records, Inc.
> 150 Fifth Avenue
> New York, NY 10011

    On June 20, 2007 at 4:20 p.m. I served by hand a copy of the AMENDED COMPLAINT upon defendant at:

> Berlin Cameron United
> 100 Avenue of the Americas
> New York, NY 10013

_____
GARY GONZALEZ

Sworn to before me this
20th day of June 2007

_____
Notary Public

CHOW LAI CHU
Notary Public, State of New York
No. 01CH4808062
Qualified in Suffolk County
Commission Expires March 30, 20 10

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             ss.:
COUNTY OF NEW YORK   )

    JOSEPH WIGFALL, being duly sworn deposes and says that: deponent is not a party to this action, is over 18 years of age and is employed by Dorsey & Whitney LLP, 250 Park Avenue, New York, New York 10177.

    On June 20, 2007, deponent served the AMENDED COMPLAINT on defendant as indicated below:

        Heineken USA Inc.
        360 Hamilton Avenue
        White Plains NY 10601

by depositing true and correct copies of said papers, enclosed in a sealed, properly addressed, fully post-paid, Express Mail wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

                                                    JOSEPH WIGFALL

Sworn to before me this
21st of June 2007

_____
NOTARY PUBLIC CHOW LAI CHU
Notary Public, State of New York
No. 01CH4808062
Qualified in Suffolk County
Commission Expires March 30, 2010