RUSSELL J. FRACKMAN (CA SBN 49087)
DAVID A. STEINBERG (CA SBN 130593) (Admitted Pro Hac Vice)
WADE B. GENTZ (CA SBN 249793)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone:   (310) 312-2000
Facsimile:   (310) 312-3100

RICHARD S. MANDEL (RM-4884)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
Telephone: (212) 790-9200
Facsimile:  (212) 575-0671

Attorneys for Defendants Capitol Records, Inc.,
EMI Music, Inc., Berlin
Cameron United, and Heineken USA, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES WILSON,<br><br>                      Plaintiff,<br><br>v.<br><br>CAPITOL RECORDS, INC. and EMI MUSIC, INC. d/b/a CAPITOL MUSIC GROUP, BERLIN CAMERON UNITED, HEINEKEN USA, INC.,<br><br>                      Defendants. | 07 CV 5449 (DC)<br><br>**ANSWER OF DEFENDANTS CAPITOL RECORDS, INC. AND EMI MUSIC, INC. TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Capitol Records, Inc. and EMI Music, Inc. (erroneously sued herein as EMI Music, Inc. d/b/a Capitol Music Group) (collectively "Capitol") herein answer Plaintiff Charles Wilson's ("Plaintiff") First Amended Complaint ("FAC") and admit, deny and aver as follows:

1. Answering paragraph 1 of the FAC, Capitol admits that this action is styled by Plaintiff as one for an accounting, copyright infringement, and Plaintiff's purported right of publicity, but denies that Capitol is liable to Plaintiff under any of the averments of the FAC.

## ANSWER TO PARTY AVERMENTS

2. Answering paragraph 2 of the FAC, on information and belief Capitol admits that Plaintiff is an individual. Except as expressly averred herein, Capitol is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 2 of the FAC and on that basis denies generally and specifically each and every such averment.

3. Answering paragraph 3 of the FAC, Capitol avers that Capitol Records, Inc., is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of New York and an executive office at 150 Fifth Avenue, New York, New York, and that it is in the business of manufacturing and distributing sound recordings. Except as expressly averred herein, Capitol denies generally and specifically each and every averment contained in paragraph 3 of the FAC.

4. Answering paragraph 4 of the FAC, Capitol avers that EMI Music, Inc., is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of New York and an executive office at 150 Fifth Avenue, New York, New York. Except as expressly averred herein, Capitol denies generally and specifically each and every averment contained in paragraph 4 of the FAC.

5. Answering paragraph 5 of the FAC, Capitol is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of the FAC and on that basis denies generally and specifically each and every such averment.

6. Answering paragraph 6 of the FAC, Capitol is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the FAC and on that basis denies generally and specifically each and every such averment.

## ANSWER TO JURISDICTION AND VENUE AVERMENTS

7. Answering paragraph 7 of the FAC, Capitol admits that the averments made by Plaintiff in paragraph 7 are sufficient to invoke this Court's jurisdiction, but denies that the averments have any merit or that Capitol is liable to Plaintiff in any amount.

8. Answering paragraph 8 of the FAC, Capitol avers that it is not challenging venue in this action.

## ANSWER TO GENERAL ALLEGATIONS

9. Answering paragraph 9 of the FAC, Capitol is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 of the FAC, and on that basis denies generally and specifically each and every such averment.

10. Answering paragraph 10 of the FAC, Capitol is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of the FAC, and on that basis denies generally and specifically each and every such averment.

11. Answering paragraph 11 of the FAC, Capitol is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of the FAC, and on that basis denies generally and specifically each and every such averment.

12. Answering paragraph 12 of the FAC, on information and belief Capitol admits that the sound recording *Beautiful* contains vocal performances by Pharrell Williams, Calvin Broadus, Jr. p/k/a Snoop Dogg, and Plaintiff. Except as expressly averred herein, Capitol is without knowledge or information sufficient to form a belief as to the truth of the remaining

averments in paragraph 12 of the FAC and on that basis denies generally and specifically each and every such averment.

13. Answering paragraph 13 of the FAC, on information and belief Capitol admits that the sound recording *You Got What I Want* contains vocal performances by Calvin Broadus, Jr. p/k/a Snoop Dogg, Christopher Bridges p/k/a Ludacris, Keiwan Deshawn Spillman p/k/a Goldie Loc, and Plaintiff. Except as expressly averred herein, Capitol is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 13 of the FAC and on that basis denies generally and specifically each and every such averment.

14. Answering paragraph 14 of the FAC, Capitol denies generally and specifically each and every averment contained in paragraph 14 of the FAC.

15. Answering paragraph 15 of the FAC, Capitol admits that sound recordings of *Beautiful* and *You Got What I Want* appear on albums released by Capitol. Except as expressly averred herein, Capitol is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 15 of the FAC and on that basis denies generally and specifically each and every such averment.

16. Answering paragraph 16 of the FAC, Capitol admits that it owns the copyright to the sound recordings *Beautiful* and *You Got What I Want*. Capitol also admits that it has licensed the recording *Beautiful* to third parties. Capitol further admits that it has received royalties in connection with the sound recordings *Beautiful* and *You Got What I Want*, but denies that any such royalties are due or owing to Plaintiff. Except as expressly averred herein, Capitol is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 16 of the FAC and on that basis denies generally and specifically each and every such averment.

27672/000/810905.1

17. Answering paragraph 17 of the FAC, Capitol avers that EMI Film and Television Music licensed the sound recording *Beautiful* to Berlin Cameron United, as agent to Heineken. Except as expressly averred herein, Capitol is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 17 of the FAC and on that basis denies generally and specifically each and every such averment.

### ANSWER TO FIRST PURPORTED "CAUSE OF ACTION"

18. Answering paragraph 18 of the FAC, Capitol denies generally and specifically each and every averment contained in paragraph 18 of the FAC.

19. Answering paragraph 19 of the FAC, Capitol denies generally and specifically each and every averment contained in paragraph 19 of the FAC.

20. Answering paragraph 20 of the FAC, Capitol avers that it received a purported legal demand from Plaintiff's counsel. Except as expressly averred herein, Capitol denies generally and specifically each and every averment contained in paragraph 20 of the FAC.

21. Answering paragraph 21 of the FAC, Capitol avers that has not, and is not required to, account to Plaintiff. Except as expressly averred herein, Capitol denies generally and specifically each and every averment contained in paragraph 21 of the FAC.

22. Answering paragraph 22 of the FAC, Capitol is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 of the FAC, and on that basis denies generally and specifically each and every such averment.

### ANSWER TO SECOND PURPORTED "CAUSE OF ACTION"

23. Answering paragraph 23 of the FAC, Capitol hereby incorporates all of the admissions, denials, and averments set forth in paragraphs 1 through 22, inclusive.

24. Answering paragraph 24 of the FAC, Capitol denies generally and specifically each and every averment contained in paragraph 24 of the FAC.

25. Answering paragraph 25 of the FAC, Capitol is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 of the FAC, and on that basis denies generally and specifically each and every such averment.

26. Answering paragraph 26 of the FAC, Capitol is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 of the FAC, and on that basis denies generally and specifically each and every such averment.

27. Answering paragraph 27 of the FAC, Capitol denies generally and specifically each and every averment contained in paragraph 27 of the FAC.

28. Answering paragraph 28 of the FAC, Capitol denies generally and specifically each and every averment contained in paragraph 28 of the FAC.

### ANSWER TO THIRD PURPORTED "CAUSE OF ACTION"

29. Answering paragraph 29 of the FAC, Capitol hereby incorporates all of the admissions, denials, and averments set forth in paragraphs 1 through 28, inclusive.

30. Answering paragraph 30 of the FAC, Capitol denies the allegations contained in paragraph 30 of the FAC to the extent that such allegations are directed toward Capitol. To the extent that the allegations contained in paragraph 30 are directed toward other persons or entities, Capitol is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 30 of the FAC, and on that basis denies generally and specifically each and every such averment.

31. Answering paragraph 31 of the FAC, Capitol denies the allegations contained in paragraph 31 of the FAC to the extent that such allegations are directed toward Capitol. To the extent that the allegations contained in paragraph 31 are directed toward other persons or entities, Capitol is without knowledge or information sufficient to form a belief as to the truth of the

averments in paragraph 31 of the FAC, and on that basis denies generally and specifically each and every such averment.

32. Answering paragraph 32 of the FAC, Capitol denies the allegations contained in paragraph 32 of the FAC to the extent that such allegations are directed toward Capitol. To the extent that the allegations contained in paragraph 32 are directed toward other persons or entities, Capitol is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 32 of the FAC, and on that basis denies generally and specifically each and every such averment.

33. Answering paragraph 33 of the FAC, Capitol denies the allegations contained in paragraph 33 of the FAC to the extent that such allegations are directed toward Capitol. To the extent that the allegations contained in paragraph 33 are directed toward other persons or entities, Capitol is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 33 of the FAC, and on that basis denies generally and specifically each and every such averment.

34. Any allegations of the FAC not hereinabove admitted, denied, or explained are denied, and Capitol specifically denies that Plaintiff is entitled to any relief whatsoever against Capitol.

**IN FURTHER ANSWER TO THE FAC, AND AS FOR ITS AFFIRMATIVE DEFENSES, CAPITOL AVERS AS FOLLOWS:**

### FIRST AFFIRMATIVE DEFENSE

[Failure to State a Claim]

35. The FAC, and each purported claim thereof, fails to state a claim upon which relief can be granted.

27672/000/810905.1

## SECOND AFFIRMATIVE DEFENSE

[No Standing]

36. Plaintiff lacks standing to bring suit for the claims alleged in the FAC.

## THIRD AFFIRMATIVE DEFENSE

[Negligence and/or Fault of Third Parties]

37. If Plaintiff suffered or sustained any damage or injury, either as asserted in the FAC, or at all, the same was caused by and attributable to the negligence, recklessness, carelessness, fault, fraud, and/or unlawful conduct of parties other than Capitol. At a minimum, Capitol is entitled to indemnity and/or contribution from such actors.

## FOURTH AFFIRMATIVE DEFENSE

[Statute of Limitations]

38. The FAC, and each purported claim contained therein, is barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

[Estoppel]

39. The FAC, and each purported claim contained therein, is barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

[Waiver]

40. The FAC, and each purported claim contained therein, is barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

[Laches]

41. Plaintiff has no right to relief because he has inexcusably delayed in asserting his claims.

## EIGHTH AFFIRMATIVE DEFENSE

[Unclean Hands]

42. The FAC, and each purported claim contained therein, is barred by the doctrine of unclean hands as a consequence of Plaintiff's conduct.

## NINTH AFFIRMATIVE DEFENSE

[Authorization, License, Acquiescence, Ratification, Consent]

43. To the extent any of the acts or omissions averred in the FAC occurred, the Plaintiff authorized, licensed, acquiesced in, ratified, or consented to it, expressly, by implication, or by conduct.

## TENTH AFFIRMATIVE DEFENSE

[Failure to Mitigate]

44. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to mitigate the damages, if any, he claims to have suffered.

## ELEVENTH AFFIRMATIVE DEFENSE

[Good Faith]

45. Plaintiff's claims are barred, in whole or in part, on the ground that Capitol acted reasonably and in good faith, and its actions were justified in protecting Capitol's own legitimate business interests.

## TWELFTH AFFIRMATIVE DEFENSE

[Actual and/or Proximate Causation]

46.     Plaintiff's claims are barred, in whole or in part, because Capitol is not the actual or proximate cause of any of the damages alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

[Release and Abandonment]

47.     Plaintiff's claims are barred, in whole or in part, because they have been released and abandoned by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

[Copyright Fraud]

48.     On information and belief, Plaintiff cannot enforce his purported copyrights because Plaintiff obtained his copyright registrations by fraud on the U.S. Copyright Office.

## FIFTEENTH AFFIRMATIVE DEFENSE

[Not Copyrightable]

49.     On information and belief, the elements that Plaintiff claims are infringed are not copyrightable, either alone or collectively.

## SIXTEENTH AFFIRMATIVE DEFENSE

[*De Minimis* Use]

50.     On information and belief, any use of Plaintiff's work or contribution, if any such use occurred, was *de minimis* and therefore not actionable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

[Failure to Satisfy Statutory Requirements]

51. On information and belief, Plaintiff has failed to timely comply with the registration, deposit, and other statutory requirements that are conditions precedent to maintaining this action and/or to the recovery of statutory damages and attorneys' fees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

[Not Original Work of Authorship]

52. On information and belief, Plaintiff is not entitled to ownership (including co-ownership) or registration of the recordings or works at issue (titled *Beautiful* and *You Got What I Want*) because Plaintiff's purported contributions, if any, do not constitute original works of authorship.

27672/000/810905.1

**WHEREFORE, CAPITOL PRAYS FOR JUDGMENT AGAINST THE PLAINTIFF AS FOLLOWS:**

1. That Plaintiff take nothing by his First Amended Complaint and that the First Amended Complaint be dismissed with prejudice;

2. For Capitol's attorneys' fees and costs of suit herein, pursuant to 17 U.S.C. § 505;

3. That Plaintiff's purported copyrights be invalidated based upon the Plaintiff's fraud on the U.S. Copyright Office; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.
RICHARD S. MANDEL (RM-4884)

MITCHELL SILBERBERG & KNUPP LLP
RUSSELL J. FRACKMAN
DAVID A. STEINBERG
WADE B. GENTZ
Attorneys for Defendants

By: _____
David A. Steinberg
11377 West Olympic Boulevard
Los Angeles, California 90064
(310) 312-2000

## DEMAND FOR JURY TRIAL

Capitol hereby demands a trial by jury of all issues triable to a jury.

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.
RICHARD S. MANDEL (RM-4884)

MITCHELL SILBERBERG & KNUPP LLP
RUSSELL J. FRACKMAN
DAVID A. STEINBERG
WADE B. GENTZ
Attorneys for Defendants

By: _____
David A. Steinberg
11377 West Olympic Boulevard
Los Angeles, California 90064
(310) 312-2000

27672/000/810924.1