RUSSELL J. FRACKMAN (CA SBN 49087)
DAVID A. STEINBERG (CA SBN 130593) (Admitted Pro Hac Vice)
WADE B. GENTZ (CA SBN 249793)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone:   (310) 312-2000
Facsimile:   (310) 312-3100

RICHARD S. MANDEL (RM-4884)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 0036-6799
Telephone: (212) 790-9200
Facsimile: (212) 575-0671

Attorneys for Third-Party Plaintiffs Capitol Records, Inc.,
and Priority Records, LLC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES WILSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CAPITOL RECORDS, INC. and EMI MUSIC, INC. d/b/a CAPITOL MUSIC GROUP, BERLIN CAMERON UNITED, HEINEKEN USA, INC.,<br><br>    Defendants. | 07 CV 5449 (DC)<br><br>The Honorable Denny Chin<br><br>**THIRD-PARTY COMPLAINT FOR BREACH OF CONTRACT AND INDEMNIFICATION**<br><br>**DEMAND FOR JURY TRIAL** |
| CAPITOL RECORDS, INC. and PRIORITY RECORDS, LLC,<br><br>  Third Party Plaintiffs,<br><br>  v.<br><br>CALVIN BROADUS, JR. p/k/a SNOOP DOGG,<br><br>  Third-Party Defendant. | |

Third-Party Plaintiffs Capitol Records, Inc. and Priority Records, LLC (collectively, "Capitol") herein complain and aver as to Third-Party Defendant Calvin Broadus, Jr. p/k/a Snoop Dogg ("Broadus") as follows:

1. In or about April 1, 1998, Priority Records, LLC entered into a recording agreement (the "Agreement") with Broadus. Pursuant to the Agreement, Broadus was to create and deliver to Capitol, and Capitol was to release, record albums embodying sound recordings featuring Broadus.

2. Under the Agreement, Broadus was obligated to obtain in writing all consents, clearances and releases required for the perpetual, nonrestrictive use and exploitation of the sound recordings delivered by Broadus to Capitol. And Broadus was obligated to indemnify and hold harmless Capitol against any and all third party claims arising out of any breach by Broadus of any representation made by Broadus under the Agreement.

3. On information and belief, Broadus failed to obtain the required consents, clearances and licenses from Plaintiff Charles Wilson ("Plaintiff"), for use by Broadus of Plaintiff's vocal performance on sound recordings (titled *Beautiful* and *You Got What I Want*) delivered by Broadus to Capitol under the Agreement. Plaintiff has commenced an action against Capitol arising from Capitol's exploitation of the sound recordings *Beautiful* and *You Got What I Want*. Despite Capitol's written request that he do so, Broadus has refused to comply with his contractual obligation to indemnify Capitol against Plaintiff's claims.

## JURISDICTION AND VENUE

4. This action is within the jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338(a) by virtue of the fact that the underlying action is for copyright infringement pursuant to 17 U.S.C. § 501, *et seq.*, and under 28 U.S.C. §§ 2201(a) and 2202. This Court has supplemental jurisdiction over the claims in this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) and Federal Rule of Civil Procedure 14.

5. This Court has specific personal jurisdiction over Broadus. On information and belief, Broadus's conduct giving rise to Capitol's claims herein occurred in substantial part in the State of New York. On information and belief and by way of example only, and without limitation, Broadus:

- delivered sound recordings under the Agreement with the knowledge and understanding that said sound recordings would be distributed and exploited in New York;

- communicated, orally and in writing, directly and/or through his authorized representatives with individuals in New York, including individuals employed by Capitol, to facilitate the production, manufacture, and exploitation of albums and sound recordings delivered by Broadus under the Agreement;

- received substantial monies from the exploitation in New York of sound recordings delivered by Broadus and released by Capitol under the Agreement; and

- received substantial monies from performances and concerts in New York of music from the sound recordings delivered by Broadus and released by Capitol under the Agreement.

6. This Court also has general personal jurisdiction over Broadus based on his substantial, continuous and systematic contacts with the State of New York. On information and belief, Broadus has purposefully availed himself of the laws and protections of the State of New York by continually transacting substantial business with individuals and corporations in the State of New York. By way of example only, and without limitation, Broadus:

- created, produced and exploited in New York (via physical locations, the Internet, and terrestrial radio), albums embodying sound recordings;

- executed agreements with individuals and corporations based in New York;

- performed, and accepted substantial monies as a result of concerts in New York;

- appeared at numerous media and other public events in New York;

- accepted millions of dollars of royalties and advances from corporations, including Capitol, based in New York;
- been involved as a party in lawsuits in the courts of the State of New York

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## THE PARTIES

8. Third-Party Plaintiff Capitol Records, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. Capitol is in the business of manufacturing and distributing sound recordings.

9. Third-Party Plaintiff Priority Records, LLC is a Delaware limited liability company, with its principal place of business in the State of New York.

10. Capitol is informed and believes, and on that basis avers, that Third-Party Defendant Calvin Broadus, Jr. p/k/a Snoop Dogg is an individual who resides in the State of California and does substantial and continuous business in the States of California and New York.

## AVERMENTS COMMON TO ALL CLAIMS FOR RELIEF

11. In or about April 1, 1998, Priority Records, LLC entered into a recording agreement (the "Agreement") with Broadus. Pursuant to the Agreement, Broadus was to create and deliver, and Capitol was to release, record albums embodying sound recordings featuring Broadus.

12. Under Paragraph 6(c)(ii) of the Agreement, Broadus was obligated to obtain in writing all consents, clearances and releases required for the perpetual, nonrestrictive use and exploitation of the sound recordings delivered by Broadus. Broadus's delivery of sound recordings to Capitol constituted Broadus's representation that he had obtained all licenses,

approvals, consents and permissions required in connection with the exploitation of the sound recordings. Under the Agreement, Capitol's acceptance of or exploitation of the sound recordings delivered by Broadus would not constitute a waiver of Broadus's obligation to obtain and furnish all required licenses, approvals, consents and permissions.

13. Under Paragraph 17(b) of the Agreement, Broadus agreed to indemnify and hold harmless Capitol and any parent, affiliate, subsidiary, assign, licensee, officer, director or successor thereto, against any and all third party claims, damages, liabilities, costs and expenses, including legal expenses and reasonable outside counsel fees, arising out of any breach by Broadus of any warranty, representation, or agreement made by Broadus under the Agreement.

14. On information and belief, Broadus engaged numerous third parties, including Plaintiff, to assist with and or participate in Broadus's creation of the sound recordings for the albums to be delivered under the Agreement.

15. On information and belief, Broadus arranged to include Plaintiff's vocal performance on the sound recordings *Beautiful* and *You Got What I Want*.

16. The sound recordings *Beautiful* and *You Got What I Want* were included on Broadus's album "Paid Tha Cost To Be Tha Bo$$," which was delivered by Broadus and released by Capitol under the Agreement.

17. Upon information and belief, Plaintiff consented to the release and exploitation by Capitol of the sound recordings *Beautiful* and *You Got What I Want*.

18. In or about October 2002, Broadus delivered to Capitol the completed sound recordings for the sound recordings to be included on "Paid Tha Cost To Be Tha Bo$$," including the sound recordings *Beautiful* and *You Got What I Want*.

19. On November 26, 2002, Capitol released the album "Paid Tha Cost To Be Tha Bo$$," which included the sound recordings *Beautiful* and *You Got What I Want*.

20. In or about February 2007, EMI Film and Television Music licensed the sound recording *Beautiful* to Berlin Cameron United, as agent to Heineken, for use in an advertisement.

21. Plaintiff has commenced an action against Capitol, styled by Plaintiff as one for an accounting, copyright infringement, and Plaintiff's purported right of publicity. According to Plaintiff's First Amended Complaint ("FAC"), Plaintiff's claims arise from Capitol's exploitation of the sound recordings *Beautiful* and *You Got What I Want*, including EMI Film and Television Music's license of the sound recording *Beautiful* to Berlin Cameron United, as agent to Heineken, for use in an advertisement. Plaintiff's FAC, and subsequent amendments thereto, if any, is incorporated by reference as if fully set forth herein.

22. By the FAC, Plaintiff seeks: an accounting, to recover his pro rata share of profits from the exploitation of the sound recordings *Beautiful* and *You Got What I Want*, to enjoin use of Plaintiff's vocal performances in commercial advertising, and general damages of at least $500,000.

23. In or about July 2007, Capitol requested, in writing, that Broadus indemnify Capitol against Plaintiff's claims. Broadus refused to comply with his obligation to indemnify Capitol under the Agreement.

24. To the extent that Broadus failed to obtain any releases or clearances as required by the Agreement, Broadus is liable to Plaintiff and/or Capitol for all or a portion of Plaintiff's claims against Capitol in this action. Through this Third-Party Complaint, Capitol seeks to shift ultimate liability for this wrongdoing to the truly culpable party of Broadus, rather than Capitol, which is an innocent party in this matter.

## FIRST CLAIM FOR RELIEF

[For Breach of Contract]

25. Capitol refers to and incorporates herein by reference each and every averment contained in paragraphs 1 through 24, inclusive, above.

26. Capitol has performed all of its obligations under the Agreement, except as excused or prevented by Broadus.

23678/000/811715.1

27. Under the Agreement, Broadus was obligated to obtain in writing all consents, clearances and releases required for the perpetual, nonrestrictive use and exploitation of the sound recordings *Beautiful* and *You Got What I Want*.

28. By submitting and delivering to Capitol the sound recordings of *Beautiful* and *You Got What I Want*, Broadus represented that he had obtained all licenses, approvals, consents and permissions required in connection with the exploitation thereof.

29. Broadus's failure to obtain all required licenses, approvals, consents, and permissions is a direct and material breach of the Agreement.

30. Under Paragraph 17(b) of the Agreement, Broadus agreed to indemnify and hold harmless Capitol and any parent, affiliate, subsidiary, assign, licensee, officer, director or successor thereto, against any and all third party claims, damages, liabilities, costs and expenses, including legal expenses and reasonable outside counsel fees, arising out of any breach by Broadus of any warranty, representation, or agreement made by Broadus under the Agreement.

31. Capitol's defense of this action brought by Plaintiff, as well as any judgment that may be obtained by Plaintiff in this action, constitutes a loss, injury or damage occasioned to Capitol in consequence of a breach of Broadus's warranties and representations under the Agreement, for which Broadus is required to indemnify Capitol.

32. Despite Capitol's written request that Broadus comply with his contractual obligation to indemnify Capitol against any loss, injury or damage arising from Plaintiff's claims in this action, Broadus has refused to do so. Such refusal constitutes a breach of the Agreement.

33. As a direct and proximate result of Broadus's conduct as averred herein, Capitol has suffered damages in an amount that is currently unascertained, but that exceeds $400,000. Capitol shall seek leave of this Court to amend this Third Party Complaint to allege such amount once it has been ascertained.

## SECOND CLAIM FOR RELIEF

[For Express Contractual Indemnity]

34. Capitol refers to and incorporates herein by reference each and every averment contained in paragraphs 1 through 24, inclusive, above.

35. Under Paragraph 17(b) of the Agreement, Broadus agreed to indemnify and hold harmless Capitol and any parent, affiliate, subsidiary, assign, licensee, officer, director or successor thereto, against any and all third party claims, damages, liabilities, costs and expenses, including legal expenses and reasonable outside counsel fees, arising out of any breach by Broadus of any warranty, representation, or agreement made by Broadus under the Agreement.

36. As averred herein, the action filed by Plaintiff against Capitol constitutes a claim that is subject to this indemnity provision.

37. Capitol has incurred and continues to incur necessary and reasonable attorneys' fees and other legal costs in defending the action brought by Plaintiff. Pursuant to Broadus's indemnity obligations set forth in the Agreement, Capitol is entitled to recover these attorneys' fees and costs from Broadus.

38. An actual controversy has arisen and now exists between Capitol and Broadus, in that Capitol contends that Broadus is obligated to indemnify, defend and hold harmless Capitol from and against any and all claims, damages, liabilities, costs and expenses, including legal expenses, court costs and reasonable counsel fees, arising out of or in any way related to this action by Plaintiff against Capitol.

39. Despite Capitol's written request that Broadus comply with his contractual obligation to indemnify Capitol against any loss, injury or damage arising from Plaintiff's claims in this action, Broadus has refused to do so.

40. Consequently, Capitol seeks a judicial determination of the respective rights and duties of Capitol and Broadus with respect to the relief sought by Plaintiff against Capitol in this action. In particular, Capitol seeks a declaration and order from this Court as follows:

(a) Adjudicating that Broadus is directly liable in full or in part for any and all liability by Capitol to Plaintiff under Plaintiff's claims in this action; and/or

(b) Ordering Broadus to pay all or a portion of any and all damages, liabilities, costs, and expenses, including legal expenses, court costs and counsel fees, arising out of or in any way related to Plaintiff's claims against Capitol in this action or otherwise.

41. Such a declaration is necessary and appropriate at this time in order that Capitol may ascertain its rights and duties with respect to Plaintiff's claims against Capitol in this action, and with respect to Broadus's indemnity obligations to Capitol. Further, Plaintiff's claims against Capitol, and those of Capitol against Broadus, arise out of the same transaction or occurrence, and determination of both in one proceeding is necessary and proper in order to avoid the multiplicity of actions that would result were Capitol required now to defend against Plaintiff's claims and then bring a separate action against Broadus for indemnification of sums that Capitol may be compelled to pay as the result of any damages, judgment, or other recovery by Plaintiff against Capitol in this action.

**WHEREFORE, Capitol prays for judgment against Broadus as follows:**

1. That judgment be entered against Broadus in the amount of any judgment entered against Capitol and in favor of Plaintiff;

2. That Capitol recover any settlement made to Plaintiff, as well as the costs of investigation and attorneys' fees and costs related to this litigation, and any related cross-action or third party action, from Broadus;

3. For a declaration that Broadus is obligated to indemnify Capitol for any loss, injury or damage occasioned by Capitol in connection with the claims made by Plaintiff in this action;

4. For Capitol's attorneys' fees incurred herein;

5. For Capitol's costs of suit incurred herein; and,

8

6.  For such other and further relief as the Court deems just and proper.

Dated:  New York, New York
November 27, 2007

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.
RICHARD MANDEL (RM-4884)

MITCHELL SILBERBERG & KNUPP LLP
RUSSELL J. FRACKMAN
DAVID A. STEINBERG
WADE B. GENTZ
Attorneys for Third Party Plaintiffs

By: *David A. Steinberg*
David A. Steinberg
11377 West Olympic Boulevard
Los Angeles, California 90064
(310) 312-2000

9

23678/000/811715.1

## DEMAND FOR JURY TRIAL

Capitol Records, Inc. and Priority Records, LLC, hereby demand a trial by jury of all issues triable to a jury.

Dated: New York, New York
November 27, 2007

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.
RICHARD MANDEL (RM-4884)

MITCHELL SILBERBERG & KNUPP LLP
RUSSELL J. FRACKMAN
DAVID A. STEINBERG
WADE B. GENTZ
Attorneys for Third Party Plaintiffs

By: /s/ David A. Steinberg
David A. Steinberg
11377 West Olympic Boulevard
Los Angeles, California 90064
(310) 312-2000

23678/000/811715.1